# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0417V

| | |
|---|---|
| JESSICA BERTHOLD,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 11, 2025 |

*Catherine Wallace Costigan, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Nathaniel Trager, U.S. Department of Justice, Washington, DC, for Respondent.*

### ORDER DENYING MOTION TO REDACT[1]

  On March 18, 2024, Jessica Berthold filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[1] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on September 20, 2021. Petition at 1-9. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[1] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On November 20, 2024, I issued a Ruling on Entitlement in Petitioner's favor (ECF No. 26). As the text of the Ruling sets forth, Petitioner had a right to seek redaction of this document, but needed to do so within the timeframe set by Vaccine Rule 18(b). ECF No. 26 at 1 n.1 ("[i]n accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy").

Petitioner did not so act. Accordingly, the Ruling was publicly posted on December 20, 2024 (ECF No. 30), and it may now be found in legal research databases. *See, e.g.*, *Berthold v. Sec'y of Health & Human Servs.*, No. 24-0417V, 2024 WL 5199727, 2024 U.S. Claims LEXIS 3318* (Fed. Cl. Spec. Mstr. Nov. 20, 2024). On January 13, 2025, I issued a decision awarding damages based on the proffer agreed to by the parties (ECF No. 32).

The next day, Petitioner filed a timely motion to redact the damages decision. Petitioner's Motion to Redact, filed Jan. 14, 2025 (ECF No. 36) ("Mot."). The attachment proposed redacting Petitioner's name to her initials in the Decision, but was silent on the Proffer that had been attached to the Decision, which also had her full name. Petitioner also did not request redaction of the November Ruling. On January 22, 2025, Respondent responded (ECF No. 37) ("Resp.").

Petitioner argues that the January 13th Damages Decision has the potential to impact her employment in pediatric public affairs for a large academic medical center. Mot. at *2. In her position, she promotes research and clinical care in pediatrics to the public, specifically related to childhood vaccinations. *Id.* She represents her medical center which follows the American Academy of Pediatrics guidance on childhood vaccination, and often fields media queries concerning childhood vaccinations. *Id.* She "does not want her experience with [a] poorly administered vaccine to become a story in itself that would interfere with her ability to advocate for vaccinations at large." *Id.*

Respondent proposes that I focus on whether the requested redactions "strike an appropriate balance between petitioner's privacy interest in the information and the public's interest in the Decision." Resp. at *1. Respondent adds that there is a "significant Program interest in not having every case caption reduced to initials" which "would make the administration of the Program unmanageable, because the parties and the Court rely on citing precedent that is readily accessible and suitably differentiated from other cases in briefing and arguments." *Id.* at *4-5. Ultimately, however, Respondent does not believe it is appropriate to advocate in favor of disclosure of a petitioner's information in any particular case, and defers to my discretion. *Id.* at *5.

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). However, the Act requires disclosure of the decisions of the special masters or the Court, and thus later allows (once a claim has been decided) the disclosure of information previously not permitted to be shared with the public. Otherwise, the Act provides for redaction of certain categories of information – "medical files and similar files" – *only* if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord* Vaccine Rule 18(b).

Some levels of redaction are explicitly recognized as reasonable in the context of Program cases. In particular, the Vaccine Rules allow the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). By contrast, adult petitioners' names are not afforded automatic protection; instead, adult claimants must affirmatively establish a basis for redaction. Thus, the Act assumes (consistent with the approach in most federal litigation) that an adult claimant's name *will* be disclosed in the context of publication of a Vaccine Program decision.

Program case law has not established a consistent "rule" for how redaction requests should be analyzed and treated. *Compare W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision) *with Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3.

Indeed, the *Langland* approach acknowledges that the plain language of the Vaccine Act, specifically § 12(d)(4)(B), requires decisions to be disclosed to the public. *Windhorst v. Sec'y of Health & Human Servs.*, No. 13-647V, 2017 WL 728045, at *2 (Fed.

3

Cl. Spec. Mstr. Jan. 10, 2017). Further, "special masters have concluded that public disclosure of a vaccinee's medical condition is not a clearly unwarranted invasion of privacy because the vaccinee places his or her medical condition in contention by filing a claim." *Windhorst,* 2017 WL 728045, at *2*.

With using either the *Langland* or *W.C.* approach, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See,* e.g., *K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

A petitioner's *general* concern for privacy – something undoubtedly shared by many vaccine case petitioners – is not by itself a sufficient reason for redaction, especially when there is a strong public interest in the information's disclosure. *W.C.*, 100 Fed. Cl. at 461; *see also Castagna v. Sec'y of Health & Human Servs.*, No. 99-411V, 2011 WL 4348135, at *11 (Fed. Cl. Spec. Mstr. Aug. 25, 2011) (denying redaction to an adult who had "not alleged the existence of any special circumstances that would justify her request," and emphasizing that the Vaccine Act did not give petitioners "a categorical right to anonymity").

In many cases, redaction is deemed appropriate because the petitioner shows some nexus with the medical profession, and a related concern that disclosure of the claim could result in bias against the individual. *M.A. v. Sec'y of Health & Human Servs.,* No. 18-103V, 2020 WL 7137075 (Fed. Cl. Spec. Mstr. Aug. 21, 2020) (granting redaction when the petitioner established he was concerned about his employment (and thus financial) security if his employer (a large medical provider with knowledge of the Vaccine Program) were to learn of the existence or extent of his vaccine-related injury). But this cannot be the sole circumstances in which redaction is allowed. Indeed, privacy concerns of incarcerated individuals have also been considered. *T.R. v. Sec'y of Health & Human Servs.,* No. 23-730V, 2024 WL 4635581 (Fed. Cl. Spec. Mstr. Sept. 24, 2024) (granting redaction to an incarcerated petitioner who was concerned of safety risks if his shoulder injury were revealed to his fellow inmates).

At bottom, and as the Court of Federal Claims recently confirmed, "[e]ach request for redaction must be made by applying the specifics in the case in which the redaction request is made, and . . . provide the necessary analysis regarding the current petitioner to explain the specific circumstances which would make redaction inappropriate [or appropriate]." *K.N. v. Sec'y of Health & Human Servs.*, No. 17-0722V, 2023 WL 6295167 Fed. Cl. 142, 156 (Fed. Cl. 2023) (finding petitioner's potential employment harm was not found to be remote, as she established she was planning to pursue a career in microbiology, immunology, and vaccines, and thus the existence and disclosure of her mental health conditions, medications, or her vaccine-related claim would harm those employment prospects and create an unwarranted invasion of privacy).

Absent a similar "hook," the mere claim that it is *possible* a person would face difficulties if the fact of a case was disclosed amounts to speculation. And the standard for redaction should not simply be to allow it whenever "the petitioner asks for it" (since to do so would be to deny relief to claimants solely because they fail to make such a request).

In this case, Petitioner's redaction request is clearly made in good faith, and even has some substantive basis, due to the nature of her work – involving communications concerning childhood vaccinations for a large academic medical center. *See M.A.*, 2020 WL 7137075, at *2 (granting redaction where claimant alleged concerns about impact on his employment with large medical provider who required vaccinations and was familiar with the Vaccine Program). Nevertheless, I must deny it, for several reasons.

First, I observe that the Damages Decision reveals little about Petitioner beyond her name, injury, and the damages award. It does not include *any* details about her medical history. In these circumstances, redaction is generally *not* warranted – for the bare fact of having brought a Vaccine Act claim, and received damages for it, does not involve disclosure of personal information.

Second, the request itself may not be untimely with respect to the Damages Decision, but it follows in the wake of the failure to seek redaction of the underlying *entitlement ruling.* And that context is important. For the harm Petitioner alleges stems from public disclosure of the fact that she suffered a vaccine injury – *a fact that has already been made public through the disclosure of the November 2024 Ruling*. The only thing added by the Decision Petitioner seeks to redact is the amount of damages awarded (and she alleges no harm particular to the monetary aspect of the case).

5

Because of the foregoing, I deem redaction of the Damages Decision at this point to be futile, given the public disclosure of the underlying ruling. The Program cannot now "undo" that disclosure. As such, I do not deem redaction to be capable of providing Petitioner the relief she seeks.

## Conclusion

**Accordingly, for the reasons set forth above, Petitioner's motion to redact (ECF No. 36) is <u>DENIED</u>.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master